UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| TERRY PERRY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil No. 6: 17-CV-232-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| W. HUTCHINGS, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Terry Perry has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In July 2013, a federal grand jury in Winchester, Tennessee indicted Perry for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) when police discovered that he was selling guns out of his home. Four months later, Perry agreed to plead guilty to the single charge without a written plea agreement. Prior to sentencing, the prosecution filed a written factual basis for the plea in which it indicated that Perry had thirteen (13) prior convictions. Two of those were for second-degree burglary in Tennessee, eight for Class D burglary in Tennessee, and two more for burglary of a dwelling in Florida. Perry did not object to the conclusion that he was thus subject to a sentencing enhancement as a career offender. In March 2014, the trial court sentenced Perry to 180 months imprisonment, the mandatory minimum required by 18 U.S.C. § 924(e)(1) for those convicted under Section 922(g) who have previously been convicted

for three or more "violent felonies." Perry did not appeal. *United States v. Perry*, No. 4: 13-CR-20 (E.D. Tenn. 2013).

Perry did file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in July 2016, invoking *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) to challenge the enhancement of his sentence. In response, the government noted that Perry's motion was untimely under Section 2255(f)(3), and that in any event Perry's prior convictions qualified as valid predicates under *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012) (holding that Tennessee second-degree burglary categorically qualifies as generic burglary) and *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015) (concluding post-*Johnson* that Tennessee Class D burglary constitutes generic burglary under the enumerated-offense clause of 18 U.S.C. § 924(e)(2)(B)(ii). The trial court denied the motion solely on timeliness grounds in March 2017.

Five months later, Perry filed his habeas corpus petition under 28 U.S.C. § 2241 in this Court. In his petition, Perry argued without elucidation that his prior burglary convictions in both Tennessee and Florida do not qualify as valid predicate offenses "Per *USA v. Stitt*, No. 14-6158 (6th Cir. 2017)." [R. 1 at 5.] Ordered to provide at least some detail to his claims [R. 5], Perry filed a response asserting – again without any explanation – that his Florida burglary convictions are not valid predicate offenses, citing *United States v. Espirit*, 841 F. 3d 1235 (11th Cir. 2016), and that the same holds true for his Tennessee burglary convictions prior to 1989, citing *Harvey v. United States*, 2016 U.S. Dist. Lexis 188489 (E.D. TN) (citing *United States v. Bureau*, 52 F.3d 584, 593 n.6 (6th Cir. 1995) and *United States v. Caruthers*, 458 F.3d 459, 476 (6th Cir. 2006)). [R. 7 at 3-4.]

Having thoroughly reviewed the petition, the Court must deny relief because Perry's claims are not cognizable in a habeas corpus petition under § 2241. A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to this rule if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). To properly invoke the savings clause, the petitioner must be asserting a claim that he is actually innocent of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which she was convicted in a manner that establishes that her conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Id.* at 308.

But Perry does not challenge his conviction, only the sentence imposed. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges.

3

*Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Perry's claims fail to satisfy at least the first and third requirements. Perry was sentenced in 2014, nearly a decade after *Booker* was decided, under a discretionary guidelines regime. And Perry cites to no decision of the Supreme Court holding that the prior convictions used to enhance his sentence did not qualify as valid predicate offenses. Instead, he cites to decisions of the Sixth and Eleventh Circuits, with no attempt to explain how they apply to his circumstances.

Perry referred in his original petition to the Sixth Circuit's decision in *United States v. Stitt*, 860 F. 3d 854 (6th Cir. 2017) (*en banc*), which held that a conviction under Tennessee's aggravated-burglary statute, Tenn. Code Ann. § 39-14-403, is not a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). But Perry's reliance upon *Stitt* is both factually insufficient and legally unavailing. Factually, *Stitt* involved the modern version of Tennessee's aggravated burglary statute, and notwithstanding the Court's invitation to do so, Perry failed to provide further factual detail in his petition which might explain *Stitt's* relevance to his circumstances. The brief listing of Perry's prior convictions [R. 7-1 at 2] does not indicate that

4

Perry was convicted of Tennessee aggravated burglary, the species of burglary at issue in *Stitt*. Indeed, Perry was convicted of these crimes in 1979-81 and 1989, under a version of the statute which Perry himself suggests may be materially different from its modern incarnation. [R. 7 at 4.]

Legally, *Stitt* is a decision by a federal court of appeals, not the United States Supreme Court, and cannot itself be the basis for relief under *Wooten*. The analysis in *Stitt*,[1] and in *United States v. Espirit*, 841 F. 3d 1235 (11th Cir. 2016) to which Perry also refers, was driven in significant part by the Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). But even if this Court were obligated to invoke *Mathis* on Perry's behalf through his oblique reference to *Stitt*, the Supreme Court itself made plain that its decision is not retroactively applicable to cases on collateral review, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F.3d 375 (6th Cir. 2017). Because Perry's challenge to his sentence therefore falls well outside the limited exception articulated in *Hill*, his § 2241 petition must be denied.

Accordingly, **IT IS ORDERED** as follows:

1. Petitioner Terry Perry's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

---

[1] The Seventh Circuit has already rejected the Sixth Circuit's holding in *Stitt* as analytically unsound, nonetheless recognizing a broad split among federal appeals courts regarding whether and when state burglary statutes can qualify as ACCA predicates. *Smith v. United States*, 877 F. 3d 720, 725-25 (7th Cir. 2017), *pet. for cert. filed*, No. 17-1730 (Jan. 23, 2018).

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 16th day of March, 2018.

*Gregory F. Van Tatenhove*
United States District Judge